JOSEPH HUTNER, Trading as P. HUTNER & Co., Plaintiff, Respondent, *v.* AMERICAN SURETY COMPANY OF NEW YORK, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, March, 1924.

Principal and surety — action to recover on surety bond given by defendant to indemnify plaintiff against acts of principal — principal sold merchandise — hearsay evidence — reversible error to read unsigned reports of detective to jury as proof of larceny by principal.

In an action to recover on a surety bond given by defendant to indemnify the plaintiff against any acts of larceny or embezzlement on the part of the principal, the introduction in evidence of the unsigned reports of an unknown detective which were read to the jury as proof of the larceny and sale of the merchandise by the principal was reversible error, since they were based solely on hearsay evidence.

APPEAL by defendant from a judgment of the City Court of the city of New York, rendered in favor of the plaintiff and against the defendant for $2,045.12.

*Henry C. Willcox* (*Warren C. Fielding,* of counsel), for appellant.

*Morris & Samuel Meyers* (*Samuel Meyers,* of counsel), for respondent.

BURR, J.  Action to recover on a surety bond, dated January 30, 1920, given by one Joseph Rubio, described in the bond as the " employee," as principal, and the American Surety Company of New York as surety, to pay to P. Hutner & Co., plaintiff herein, such pecuniary loss not exceeding $2,000 as the latter may have sustained by any act or acts of larceny or embezzlement on the part of the said employee Joseph Rubio.

This is the second trial of the action.  On the first trial the plaintiff recovered a judgment which was on appeal set aside by the Appellate Term on the ground that the proof fell far short of establishing larceny or embezzlement and also on the ground that the recovery was based on the wrong measure of damages.

On this trial the plaintiff has again recovered a verdict from a jury in his favor.  The appeal now taken from the judgment entered on such verdict is based on two grounds: (1) That the evidence as to the larceny or embezzlement was insufficient and particularly that the admission in evidence of a copy of unsigned reports made by an unknown operator of a detective agency to defendant and sent by defendant to plaintiff and read to the jury on the trial by plaintiff was error; (2) plaintiff failed to prove by

competent evidence the market value of the merchandise in Havana, Cuba.

Plaintiff contends that the presumption of innocence existing in Rubio's favor was sufficiently refuted so that uncontradicted plaintiff's testimony makes out a sufficient case of Rubio's default and that the evidence as to market value in Cuba·was competent.

Rubio was employed as a salesman by plaintiff. He was sent to Cuba with a sample line of plaintiff's merchandise. Prior to his departure the surety bond was given by defendant. After he reached Cuba correspondence ensued between the employee and his employer. He had the line of samples. He acknowledged receipt of $573 transmitted by plaintiff to pay the custom duties. Rubio, the employee, not proving satisfactory, plaintiff directed him by cable to " sell samples and return." This was on March 27, 1920. On the thirtieth of March Rubio cabled, " Have an offer on samples $1,250. Advise immediately." This was answered by plaintiff's cable directing him to get full prices or $2,680. Other communications from Rubio to plaintiff and from plaintiff to Rubio followed. On May 7, 1920, plaintiff cabled Rubio to leave samples with an agent on commission and to return home. No reply was received from Rubio. He had received from plaintiff up to that time salary and advertising expenses amounting to $1,282.55 and an additional $150 for traveling expenses. His earnings by way of commissions amounted only to $85.31. Plaintiff thereupon began a systematic search for Rubio, cabled to his customers, wrote repeatedly to Rubio without receiving any answer.

It appears from the testimony of the janitress of the house where he resided in New York city that Rubio was in New York in August, 1920, and left with his family for Cuba in October, 1920. He failed to communicate with plaintiff. Plaintiff communicated with defendant and in due course filed its proof of loss. Defendant began a search for the missing Rubio. On September 22, 1920, defendant sent plaintiff for his information a letter inclosing a report of the detective agency employed by defendant from which it appeared that Rubio was no longer at the address formerly occupied by him in Havana and that his whereabouts were unknown. An additional report was transmitted by defendant to plaintiff for his information to the effect that Rubio had sold the samples in Havana for $1,000.

These are the reports which were offered and received in evidence over objection and exception of defendant. Defendant claims the admission of these reports in evidence was reversible error.

These reports are based on what certain persons told the detective or investigator making the report transmitted by defendant to

plaintiff. These letters and accompanying reports were received in evidence as proof of the statements therein contained and were read to the jury as such.

This was error for which the judgment herein must be reversed. A mere reading of these reports discloses that all they purport to be is a statement of information picked up from others by the investigator on his quest for news of Rubio. If the investigator himself was a witness on the stand he would not be permitted to testify as to what somebody told him he had heard from somebody else. By the admission in evidence of these reports the investigator, name unknown, on a carbon copy unsigned and unverified, is permitted to state what Mr. Betancourt told him Mr. Castillo paid to Mr. Rubio under certain conditions at certain times regarding the purchase and sale of certain merchandise. All this is hearsay. Yet it is offered and received as competent evidence that Rubio sold the merchandise in suit to Mr. Castillo and received payment therefor of $1,000. This is an entirely different matter from establishing as a fact that defendant after receipt of plaintiff's proof of claim set out to ascertain Rubio's whereabouts and had not succeeded at the time of the trial.

The introduction in evidence of the unsigned reports of the unknown detective read to the jury as proof of the actual larceny and sale by Rubio of the plaintiff's sample line of goods for $1,000 to Mr. Castillo being on their face based solely on hearsay was an error fatal to plaintiff's case. *Churchman* v. *Lewis*, 34 N. Y. 444; *McIlargy* v. *Chambers*, 117 id. 532; *Doyle* v. *Rector, etc., of Trinity Church*, 118 id. 678.

The reports clearly indicated to plaintiff where and from whom competent evidence by way of a commission might be obtained to prove the sale of the merchandise by Rubio and his subsequent disappearance from Havana. It is unnecessary, therefore, to discuss the other objections raised by appellant to the validity of the judgment.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

GUY and PROSKAUER, JJ., concur.

Judgment reversed.